Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4674 | **DATE** | 7/21/2004 |
| **CASE TITLE** | SAMANTHA PATTERSON vs. ASSET ACCEPTANCE CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's petition to proceed in forma pauperis is granted as to her Fair Debt Collection Practices Act claims and dismissed as to her Fair Credit Reporting Act Claims. Status hearing is set for 8/26/04 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG | courtroom deputy's initials | 2004 JUL 21 PM 6:43 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMANTHA PATTERSON,           )
                              )
            Plaintiff,        )
                              )
       vs.                    )    No. 04 C 4674
                              )
ASSET ACCEPTANCE CORP.,       )
                              )
            Defendant.        )

DOCKETED
JUL 2 2 2004

MEMORANDUM OPINION AND ORDER

Plaintiff Samantha Patterson brought this *pro se* action against Asset Acceptance Corporation (Asset Acceptance) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Along with her complaint plaintiff filed a petition to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. In her financial affidavit plaintiff states that she is currently unemployed, has no assets, and receives only $275 a month to support herself and her two children. Plaintiff has evidenced her financial need.

Our inquiry does not end there, however. As part of the initial review of a petition to proceed *in forma pauperis* we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). For purposes of this decision we take petitioner's allegations as true. *See* Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).

Plaintiff alleges that Asset Acceptance informed credit reporting agencies that she owed the collection company for debts related to two accounts, SBCILLIN1484 and SBCINDIA14079620 (presumably two SBC accounts in Illinois and Indiana), without verifying the accuracy of the underlying debts. After learning of these blemishes on her credit reports, plaintiff sent Asset Acceptance a letter dated May 19, 2004, disputing the debts and requesting verification of the overdue accounts. Plaintiff claims that she has not received any verification, and presumably Asset Acceptance has not had the credit reporting agencies remove the information from plaintiff's credit report.

The Fair Debt Collection Practices Act seeks to protect consumers from abusive means of collecting debts. 15 U.S.C. § 1692(e). Under § 1692g(b), if a consumer disputes a debt in writing within thirty days of being informed of the debt, a debt collector must cease all efforts of collection until the collector receives verification of the debt, a copy of the judgment, or the name and address of the original creditor, and mails that information to the consumer. Debt collectors are liable to consumers for violations of this statute for any actual damages and other damages up to $1,000. 15 U.S.C. § 1692k. Given the allegation in plaintiff's *pro se* complaint we do not find that her action is frivolous or malicious, or fails to state a claim under this act.

Plaintiff has not stated a claim under the Fair Credit Reporting Act, however. The purpose of the Fair Credit Reporting Act is to require that "consumer reporting agencies adopt reasonable procedures" to provide the credit industry with information, while treating consumers fairly and equitably. 15 U.S.C. § 1681(b). A consumer reporting agency is any person or entity that assembles and evaluates credit information on consumers to provide to third parties. 15 U.S.C. § 1681a(f). Asset Acceptance is not alleged to be a consumer reporting agency. It is a debt collection company that has provided information to a consumer reporting

agency. A company that furnishes information to a consumer reporting agency is not liable under the Fair Credit Reporting Act, and thus, plaintiff fails to state a claim against Asset Acceptance under this statute. *See* <u>Rush v. Macy's New York, Inc.</u>, 775 F.2d 1554, 1557 (11th Cir. 1985); <u>Batchelor v. First National Bank of Blue Island</u>, 1993 WL 22859 at *3 (N.D. Ill. 1993).

## CONCLUSION

For the foregoing reasons, plaintiff's petition to proceed *in forma pauperis* is granted as to her Fair Debt Collection Practices Act claims and dismissed as to her Fair Credit Reporting Act claims.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

July 21, 2004.